UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHERI RENE ERRINGTON,

    Plaintiff,

vs.                                                               Case No.  3:11-cv-1209-J-25MCR

UNITED PARCEL SERVICE, INC.,

    Defendant.

_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Compel Discovery Responses (Doc. 15) filed June 11, 2012.  In the Motion, Defendant seeks an Order compelling Plaintiff to respond to its first interrogatories and first requests to produce documents.  Plaintiff was informed she was required to respond to this Motion no later than June 28, 2012.  (Doc. 17).  She was further cautioned that failure to do so would result in the Motion to Compel being treated as unopposed and could result in the imposition of sanctions against Plaintiff.  Id.  To date, no response has been filed.

## **I. BACKGROUND**

On December 6, 2011, Plaintiff filed the Complaint in this case alleging UPS discriminated against her on the basis of her gender and retaliated against her for engaging in protected activity.  UPS served its First Interrogatories to Plaintiff and First Request for Production of Documents to Plaintiff on February 3, 2012.  Plaintiff's responses to these discovery requests were originally due on March 6, 2012.  Plaintiff's

counsel requested, and counsel for UPS agreed to, several extensions of this deadline, the latest extending the response deadline until April 6, 2012. However, to date, UPS has not received any responses from Plaintiff.

On May 8, 2012, the Court entered an Order permitting Plaintiff's counsel to withdraw from the case and cease her representation of Plaintiff. (Doc. 13). The Order directed Plaintiff to notify the Court by May 18, 2012 whether she intended to employ new counsel or to proceed pro se. The Court further stated in the Order, "If Plaintiff intends to proceed pro se, she must timely prosecute this action and follow all rules and orders of this Court." (Doc. 13, p.2). Despite this directive, Plaintiff failed to notify the Court regarding her intentions about her representation in the case. On June 12, 2012, the Court entered an Order indicating that it assumed Plaintiff would be representing herself and informed her of some of the rules of the Court with which she must comply. (Doc. 17). The Order also directed Plaintiff to file her response to the instant Motion no later than June 28, 2012 and informed her that failure to do so "will result in the Motion being treated as unopposed and may result in the imposition of sanctions against Plaintiff." Id. at p.5. Again, despite this clear warning, Plaintiff failed to file a response to the instant Motion.

## II. ANALYSIS

Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986-87 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

As Plaintiff failed to file a response to the instant Motion, the Court must assume Plaintiff has not yet responded to the discovery.  A review of the discovery requests convinces the Court the information sought is relevant and as Plaintiff has failed to object to any of the requests, the Court will grant the instant Motion.  Accordingly, after due consideration, it is

**ORDERED**:

1.	Defendant's Motion to Compel Discovery Responses (Doc. 15) is **GRANTED**.  Plaintiff is directed to respond to the discovery requests no later than **July 20, 2012**.

2.	Additionally, no later than **July 20, 2012**, Plaintiff is directed to show cause by written response as to why sanctions should not be imposed for her failure to participate in discovery or respond to Court orders.  Failure to do so may result in this action being dismissed for failure to comply with Court orders or failure to prosecute.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  5th  day of July, 2012.

*[signature]*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Pro Se Plaintiff